UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No.: 24-CR-79-BTM |
| Plaintiff, | ) **ORDER DENYING GOVERNMENT'S MOTIONS TO DISMISS INDICTMENT** |
| v. | ) |
| ABELARDO HERNANDEZ ROBLERO, | ) **[ECF NOS. 29 & 31]** |
| Defendant. | ) |

The Government filed a motion under Federal Rule of Criminal Procedure 48(a) to dismiss the indictment without prejudice. (ECF No. 29). The defendant filed a notice of non-opposition to the motion. (ECF No. 30). The only justification provided by the Government is that "dismissal is in the interest of justice." The Government filed a supplemental motion to dismiss, adding that "The United States believes dismissal is appropriate after considered review of the facts and admissible evidence in the case and the equitable circumstances present." (ECF No. 31).

1

However, the Government's motions do not specifically explain why it is seeking dismissal and thus prevent the Court from considering whether the Government's reasons are appropriate. The Government's motions thus must be DENIED without prejudice.

Pursuant to Rule 48(a), "The government may, with leave of court, dismiss an indictment, information, or complaint." This rule is a departure from the common-law rule, which allowed a prosecutor to enter a *nolle prosequi* at his or her discretion, without involvement by the court. Fed. R. Crim. P. 48, Note to Subdivision (a); *United States v. Gonzalez*, 58 F.3d 459, 460-61 (9th Cir. 1995) ("At common law a prosecutor had unrestricted authority to enter a *nolle prosequi* without the consent of the court. . . . The Supreme Court modified the Rule and conditioned the government's right to dismiss upon its obtaining 'leave of court.' Congress adopted the rule as amended by the Supreme Court.").

In response to a Rule 48(a) motion to dismiss, courts do "not automatically grant dismissal." *Korematsu v. United States*, 584 F. Supp. 1406, 1412 (N.D. Cal. 1984) ("Even were the government in a position to move under Rule 48(a) of the Fed. R. Crim. P., the court would not automatically grant dismissal."); *see also Hirabayashi v. United States*, 828 F.2d 591, 607 (9th Cir. 1987) ("The rule vests the courts with the discretion to accept or deny the prosecution's motion."); *United States v. Bettinger Corp.*, 54 F.R.D. 40, 41 (D. Mass. 1971) ("[A] District Court in passing

on a motion by the Government to dismiss is not a mere rubber stamp and must exercise independent discretion."). Rather, "[a] limited review by the court is necessary, even where the defendant consents. The purpose of this limited review is to protect against prosecutorial impropriety or harassment of the defendant and to assure that the public interest is not disserved." *Korematsu*, 84 F. Supp. at 1412.

To enable courts to carry out this limited review, the government must provide reasons justifying dismissal—and must provide more than conclusory reasons. *United States v. Palomares*, 119 F.3d 556, 558 (7th Cir. 1997) ("The key factors in determining the propriety of the government's dismissal motion are the government's reasons and good faith. The district court may presume the government has acted in good faith, but the government must provide more than conclusory reasons for seeking dismissal." (citations omitted)); *United States v. Strayer*, 846 F.2d 1262, 1265 (10th Cir. 1988) ("In order to carry out the purposes of the rule, the trial court must be informed of the prosecutor's reasons for dismissing the indictment and the factual basis for the prosecutor's decision."); *United States v. Salinas*, 693 F.2d 348, 352 (5th Cir. 1982) (explaining that "the prosecutor is under an obligation to supply sufficient [and nonconclusory] reasons" in support of a Rule 48(a) motion); *United States v. Ammidown*, 497 F.2d 615, 620 (D.C. Cir. 1973) (providing that courts should "not be content with a mere conclusory statement by the prosecutor that dismissal is in the public interest" and that the "rule contemplates exposure of the

reasons for dismissal" for the court's evaluation (citations omitted)); *United States v. Heaton*, 458 F. Supp. 2d 1271, 1271-72 (D. Utah 2006) ("[T]he court must make its own independent determination that dismissal is warranted. A mere conclusory statement from the government that dismissal is appropriate does not allow the court to satisfy its obligations." (citing *Ammidown*, 497 F.2d at 620 n.10)); *United States v. Becker*, 221 F. Supp. 950, 953 (W.D. Mo. 1963) ("[T]he record must show something more than the mere conclusion of the Government that the interest of justice would be served by the dismissal of the indictment."); *United States v. Shanahan*, 168 F. Supp. 225, 229 (S.D. Ind. 1959) ("[T]he bare assertion that the motion is made 'in the interests of justice,' when not implemented by explanatory facts, is plainly not sufficient to justify a court in permitting the dismissal of an indictment.").

The Court recognizes that "the prosecutor is 'the first and presumptively the best judge of whether a pending prosecution should be terminated,'" *United States v. Wallace*, 848 F.2d 1464, 1468 (9th Cir. 1988) (quoting *United States v. Cowan*, 524 F.2d 504, 513 (5th Cir. 1975)), and that "[s]eparation-of-powers concerns generally require a district court to defer to the government's decision to seek a dismissal of a criminal charge," *Gonzalez*, 58 F.3d at 462 (citing *United States v. Hayden*, 860 F.2d 1483, 1487 (9th Cir. 1988)). Accordingly, once the government provides the reasons and facts favoring dismissal, the motion should only be denied when the reasons are "clearly contrary to the public interest," dismissal may subject "a defendant to

charging, dismissing, and recharging," or if the motion is otherwise not made in good faith. *Wallace*, 848 F.2d at 1468 (internal quotation marks and citations omitted).

Here, the Government's motions provide no justification beyond the assurance that "dismissal is in the interest of justice" and that the Government "believes dismissal is appropriate." But as the cases cited above show, this is an insufficient statement of reasons.

Thus, for the reasons stated, the Government's motions to dismiss the indictment are DENIED without prejudice. The Government may file again for dismissal but must provide a specific reason therefor. The Government may submit in camera its specific reason for dismissal if good cause exists. *See Ammidown*, 497 F.2d at 620 n.10 (prosecutor's reasons for Rule 48(a) dismissal may be submitted in camera, if necessary to avoid prejudice).

IT IS SO ORDERED.

Dated: March 7, 2024

Honorable Barry Ted Moskowitz
United States District Judge

5